UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ANDRE LEE COLEMAN #173324,

        Plaintiff,                                Case No. 2:09-cv-24

v.                                                 Honorable R. Allan Edgar

BERTINA BOWERMAN,

        Defendant.

_____/

## **OPINION**

Plaintiff Andre Lee Coleman, an inmate currently confined at the Baraga Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Bertina Bowerman, who was employed as a prison guard at the Alger Maximum Correctional Facility (LMF) during the pertinent time period.

Plaintiff's complaint alleges that on August 3, 2007, while he was confined at LMF, Defendant searched his cell and improperly confiscated certain items. Defendant then falsified a misconduct charge against Plaintiff. Plaintiff claims that because Defendant's conduct occurred in the "temporal proximity" of interviews he had recently had with other prison staff regarding his grievances, that such conduct was retaliatory.

Plaintiff claims that Defendant's actions violated his rights under the First and Fourteenth Amendments to the United States Constitution. Plaintiff is seeking compensatory and punitive damages, as well as equitable relief.

Defendant filed her first motion for summary judgment on July 30, 2009. On March 25, 2010, the court granted summary judgment on Plaintiff's equal protection and retaliation claims, but denied summary judgment on Plaintiff's legal mail claim (docket #20 and #21). Presently before the Court is the Defendant's second Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56 (docket #33). Plaintiff has filed a response (docket #46) and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf.*

2

*Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff claims that Defendant improperly opened his legal mail outside of his presence. As noted by the court in the opinion addressing Defendant's previous motion for summary judgment, incoming mail has long been recognized to pose a greater threat to prison order and security than outgoing mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987). The Michigan Department of Corrections may require that inmates specifically request that their legal mail be opened in their presence. *Knop v. Johnson*, 667 F. Supp. 467, 473 (W.D. Mich. 1987), *appeal dismissed*, 841 F.2d 1126 (6th Cir. 1988). Further, a prison can restrict the opening of special mail in the presence of the inmate to those situations wherein the sender is identified as an attorney and the envelope makes a specific restriction on the opening. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). With regard to mail from an inmate's attorney, prison officials have a right to open and inspect such mail for contraband. However, they may not read the mail and must allow the prisoner to be present, upon request, if the envelope is marked as confidential. *Lavado v. Keohane*, 992 F.2d 601, 607-09 (6th Cir. 1993); *see also Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993) (court abandoned the *per se* rule that the Constitution requires that the opening and inspection of legal mail be in the presence of the inmate), *cert. denied*, 510 U.S. 1123 (1994).

The Sixth Circuit has ruled unconstitutional a prison policy that treated all mail from the Attorney General's Office as ordinary mail, even if an inmate notified the mailroom that a certain piece of mail was confidential. *Muhammad v. Pitcher*, 35 F.3d 1081 (6th Cir. 1994) (majority opinion). In *Muhammad*, the plaintiff claimed that the defendants violated his constitutional rights by opening and inspecting mail from the Attorney General outside of plaintiff's presence. *Id.* at 1082.

The defendants argued that prisoners did not have an interest in maintaining confidentiality regarding mail from the Attorney General because the Attorney General's Office represented the prison and so was adverse to the inmates. *Id.* The court disagreed, noting that the Attorney General's Office frequently serves prisoners in the same way that legal assistance organizations do and that any response to a confidential inquiry by a prisoner might well be confidential itself. *Id.* at 1083. In addition, the court in *Muhammad* stated:

> The conclusion that mail from an attorney general to an inmate may be confidential should not be surprising, for courts have consistently recognized that "legal mail" includes correspondence from elected official and government agencies, including the offices of prosecuting officials such as state attorneys general.

*Id.* (citations omitted).

The court noted that the defendants in *Muhammad* never expressed the intention of trying to treat confidential mail from the Attorney General's Office any differently than it treated nonconfidential correspondence. *Id.* at 1084. The court reasoned that, as a result, the plaintiff could reasonably expect that any mail from the Attorney General's Office would be opened outside his presence, which would "chill the plaintiff from turning to the Attorney General's Office under circumstances in which the office could otherwise be of service." *Id.* The court concluded that the defendants' practice of opening properly marked mail addressed to the plaintiff from the Attorney General's Office outside the plaintiff's presence was unconstitutional. *Id.* at 1086.

In response to the decision in *Muhammad*, the MDOC changed the procedure for handling Attorney General mail on November 2, 1994. The current procedure treats mail addressed from the Attorney General's Office in the same manner as other legal mail. The procedure provides that a prisoner is entitled to have mail from the Attorney General's office opened in his presence when the mail is clearly identified on the envelope as being from the Attorney General's office and when

4

the prisoner has requested that the mail be opened in his presence. The step II grievance response regarding this issue clearly states that Defendant opened Plaintiff's mail outside his presence in violation of prison policy. Plaintiff offers a copy of the envelope as an exhibit to his complaint, which shows that the envelope was clearly marked as being from the Attorney General's office.

In support of the motion for summary judgment, Defendant Bowerman states that Plaintiff's deposition was taken on July 15, 2010, during which Plaintiff conceded that he has no information regarding who may have opened his legal mail in early August, 2007. Plaintiff acknowledged that his mail could have been opened by mailroom personnel or personnel from the Attorney General's office. Plaintiff also stated that he never had any problems with Defendant Bowerman and that she had delivered legal mail to him on fifty or sixty other occasions, and that it had never been opened outside of his presence. Plaintiff stated that the reason he believed that Defendant Bowerman was responsible for opening his mail was because she was assigned to pass out legal mail on the date in question. (Defendant's Exhibit B, pp. 42-51.)

Defendant Bowerman also offers evidence that mail was sent to Plaintiff from the Office of the Attorney General on July 25, 2007, which pertained to a motion to transfer venue on behalf of the Defendants being represented by the Attorney General in the matter of *Andre Coleman, et al. v. Jennifer Granholm, et al.,* U.S. Dist. Court E.D. Mich. No. 2:06-cv-12485. This motion was filed electronically on July 24, 2007, at approximately 4:34 p.m. and was mailed to Plaintiff on the same day. (Defendant's Exhibits C and D.) On August 27, 2007, the motion for change of venue was denied. (Defendant's Exhibit E.)

At the time of his deposition, Plaintiff offered two large envelopes sent from the Attorney General's Office. One large envelope, dated July 25, 2007, had $2.00 of affixed stamps on it and was sent to "Andre Coleman, 3173324, Alger Maximum Correctional Facility, Industrial Park

Drive, P.O. Box 600, Munising, MI 49862," but was returned to sender because the inmate name/MDOC number was not correct. (Defendant's Exhibit D.) On August 1, 2007, that envelope was placed in a larger envelope and was re-mailed to "Andre Coleman, 173324, Alger Maximum Correctional Facility, Industrial Park Drive, P.O. Box 600, Munising, MI 49862" with metered postage in the amount of $2.16. (Defendant's Exhibit F.) During his deposition, Plaintiff testified that Exhibit D had been placed inside of Exhibit F at the time he received the mail, but that neither of the envelopes contained any correspondence, documents, or pleadings. (Defendant's Exhibit B, pp. 32-34, 38.)

Defendant Bowerman attests that she did not open Plaintiff's legal mail. (Defendant's Exhibit G.) In support of her motion for summary judgment, Defendant Bowerman states that a number of possibilities exist regarding who could have opened Plaintiff's mail. For example, it is possible that when Plaintiff's mail was returned to the Office of the Attorney General, the contents of the envelope could have been inspected and not placed back inside the envelope, prior to its placement in the second envelope for resending. It is also possible that the envelope could have been opened by individuals at the U.S. Post Office or by individuals in the LMF mailroom.

The court concludes that Defendant Bowerman has met her burden of showing that there is no genuine issue of material fact regarding Plaintiff's legal mail claim. As noted above, Plaintiff concedes that he assumed that Defendant Bowerman had opened his mail because she was assigned to pass out mail in the unit on that particular day. However, Plaintiff did not see Defendant Bowerman open his mail, nor did he have any specific knowledge that she had done so. Defendant Bowerman attests that she did not open his mail. In addition, as noted by Defendant Bowerman, a number of other possibilities exist regarding who could have opened his mail. Finally, Plaintiff

concedes that his mail could have been opened by a number of individuals other that Defendant Bowerman. For the enumerated reasons, Defendant Bowerman is entitled to summary judgment.

In light of the foregoing, the court concludes that Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment. Accordingly, Defendant's Motion for Summary Judgment (Docket #33) will be granted and this case will be dismissed in its entirety.

An Order and Judgment consistent with this Opinion will be entered.


Dated:   3/23/2011                             */s/ R. Allan Edgar*
                                               R. ALLAN EDGAR
                                               UNITED STATES DISTRICT JUDGE